## Case No. 3,258.

### The CORTES.

[6 Ben. 288.] [1]

District Court, E. D. New York. Dec. Term, 1872.

SEAMAN'S WAGES—INJURY TO SEAMAN ON BOARD SHIP—COSTS.

A seaman, who had shipped in New York for a voyage to New Orleans and back, after the vessel had started on her return voyage from New Orleans fell from the yard and broke his arm. The owners of the steamer sent him at once to a hospital, paying his wages till the date of his leaving the ship, and afterwards brought him to New York. The seaman having filed a libel to recover wages for the rest of the voyage, and damages for the injury, the owners of the vessel paid the amount of the wages into court, which the libellant drew out. *Held,* that the libellant was entitled to the wages for the rest of the voyage, and as there was no proof or allegation of a tender of the amount, he was entitled to a decree for his costs.

This was a libel in admiralty by William Price, who alleged that he shipped on the Cortes in New York for a voyage to New Orleans and back; that, after the vessel had started on her return voyage, he fell from the yard and broke his arm, and was sent to a hospital in New Orleans, and, after a few days, was brought to New York in another steamer and sent to the hospital in New York; and he claimed to recover $18, a balance of wages due, and $400 damages for the broken arm.

The owners of the steamer answered that they had paid the man up to the time when he left the ship, and were willing to pay him up to the time of the arrival of the Cortes in New York. His claim for damages they denied. And they paid into court the amount of the wages which they offered to pay.

A. Nash, for libellant.

Man & Parsons, for claimant.

BENEDICT, District Judge. The libellant having incurred no expenses in his cure is entitled to recover no more than the wages which the claimants have heretofore paid into court.

In the absence of any proof or allegation of a tender of this or any sum, the libellant is also entitled to his taxable costs. The sum paid into the registry having been heretofore withdrawn by the libellant, he is now entitled to a decree for his costs only.

CORTLAN (LARABEE v.). See Case No. 8,-084.

## Case No. 3,259.

### In re CORWIN.

[19 N. B. R. 422.]

District Court, S. D. New York. April Term, 1880.

[See 1 Fed. 847.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

CORWIN (UNITED STATES v.). See Case No. 14,870.

CORWINE (UNITED STATES v.). See Case No. 14,871.

## Case No. 3,260.

### CORY v. CLARK.

[2 N. J. Law J. 122.]

District Court, D. New Jersey. Feb. Term, 1879.

SUIT BY ASSIGNEE IN BANKRUPTCY — ACCOUNTING —RECEIVER—PAYMENT OF PARTNERSHIP DEBTS.

1. Upon a bill filed by an assignee in bankruptcy of two insolvent partners, for an account and a receiver, against the only solvent partner, a receiver will be appointed, but the bill for an account will be retained until the receiver has reported a settlement of all other demands against the partnership, and then an account will be taken, if desired.

2. The principle is settled that one partner cannot claim or receive from the assets of the partnership payment of a debt due to him in the course of the business, until all the other partnership debts are paid.

[Bill in equity by Cory, assignee of Watson & Twitchell, bankrupts, against Clark, praying the appointment of a receiver and for an account.]

NIXON, District Judge. The bill was filed in this case by the assignee of the two bankrupt partners against the solvent partner of a firm, for an account and for a receiver. The counsel for the defendant consenting, a receiver was forthwith appointed by the court, and was ordered to take charge of the partnership estate and assets, to reduce the same to money with all convenient despatch, and the creditors were directed to verify and file their claims against the late firm with him. It appears from the bill, answer and proofs, that the firm of Watson & Twitchell was organized and commenced business May 12, 1868. It was engaged in the manufacture of wooden packing boxes and the general retail lumber trade. Anson G. Phelps Dodge of New York was a special partner, furnishing capital to the amount of $50,000. At the end of five years, to wit, May 1, 1873, a dissolution of the partnership took place. It was reckoned solvent at the time, although its indebtedness was nearly or quite $150,000. The terms of the dissolution were substantially that Dodge was to have and receive all the property and assets of the late firm, in consideration of which he was to assume all its debts and liabilities, to pay in cash to Watson & Twitchell each the sum of $8,000 on account of their interest therein, and upon a final settlement of the business whatever additional sum they would be entitled to out of the net profits of the late co-partnership. The name of the firm, Watson & Twitchell, was to be used in the liquidation of its affairs by the said Watson & Twitchell, whose duty it was to collect all debts and pay all claims, and to account to Dodge for all moneys collected and remaining in their